IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERRIT'S BRANDS, INC.,
a Florida Corporation and
GERRIT J. VERBURG CO.,
a Michigan Corporation,

       Plaintiffs,

                                         Case No. _____

-vs-

SUN VALLEY RAISINS, INC.,
a California Corporation,

       Defendant.
_____

ARNOLD S. WEINTRAUB (P22127)
THE WEINTRAUB GROUP, P.L.C.
Attorneys for Plaintiff
24901 Northwestern Hwy., Suite 311
Southfield, MI  48075
(248) 809-2005
aweintraub@weintraubgroup.com

_____

**<u>DECLARATORY JUDGMENT ACTION FOR NON-ABANDONMENT, TRADEMARK INFRINGEMENT, TORTIOUS INTERFERENCE WITH BUSINESS AND UNFAIR TRADE PRACTICES AND REQUEST FOR INJUNCTIVE RELIEF</u>**

NOW COME the Plaintiffs, GERRIT'S BRANDS, INC. and GERRIT J. VERBURG CO., by and through their Attorneys, THE WEINTRAUB GROUP,

P.L.C. and ARNOLD S. WEINTRAUB, and for their Complaint against Defendant, SUN VALLEY RAISINS, INC., states the following:

## NATURE OF THE ACTION

1. This action arises under the laws of the United States and, in particular, 28 U.S.C. §2201, 15 U.S.C. §1052(e)(1), 15 U.S.C. §1114, 15 USC §1117 and 15 U.S.C. §1125(a) as well as the laws of the State of Michigan.

2. Jurisdiction is proper in this district pursuant to 28 U.S.C. §1338.

3. Venue is proper pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1167(a).

## THE PARTIES

4. The Plaintiff, GERRIT'S BRANDS, INC., is a Florida corporation with its registered address at 9 Island Avenue, Unit 1515, Miami Beach, Florida 33139.

5. Plaintiff, GERRIT J. VERBURG CO., is a Michigan corporation with its registered address at 12238 Germany Road, Fenton, Michigan 48430.

6. Plaintiff, Gerrit's Brands, Inc., is the owner of various trademarks, both registered and at common law, as well as copyrights for various comestibles, including licorice, chocolates, mints, chewing gum and their packaging.

7. Plaintiff, Gerrit's Brands, Inc., is also the owner of a pending U.S. Trademark Applications for "Teaberry," "Gerrit's Teaberry" and "Gerrit's Teaberry" & Design for chewing gum (**Exhibit A**).

8. Plaintiff, Gerrit J. Verburg Co. is a related party to Plaintiff, Gerrit's Brands, Inc. which sells and distributes the comestibles under the brands owned by Gerrit's Brands, Inc.

9. The Defendant, SUN VALLEY RAISINS, INC. is a California corporation, having a principal place of business at 95 S. Hughes Avenue, Fresno, California 93706.

10. Defendant is the owner, by an unrecorded assignment from First Source, LLC, in and to certain trademarks, including U.S. Registration No. 0638559 (hereinafter referred to as '559) for "Teaberry," which is identified as being for chewing gum (**Exhibit B**).

11. Defendant holds itself as a large supplier of raisins in the United States (**Exhibit C**).

12. Upon information and belief, Defendant conducts business in the State of Michigan by having its products distributed through USDA facilities.

## FACTUAL BACKGROUND

13. Plaintiffs hereby reallege Paragraphs 1 through 12 as if set forth in full herein.

14. Beginning in about 2013, Plaintiffs became aware that Teaberry gum was no longer being offered for sale by First Source, LLC, the predecessor in

interest to Sun Valley Raisins, Inc.  Internet research shows that at least as of 2020, Teaberry gum was no longer being manufactured and sold (**Exhibit D**).

15. As a consequence, Plaintiff, Gerrit's Brands, Inc., filed an application to register the mark "Teaberry" for chewing gum (See Exhibit A).

16. When such application was refused on the basis that the word "teaberry" describes a function of the product, it was deemed not registerable (**Exhibit E**).

17. Subsequent to its initial application, Plaintiff, Gerrit's Brands, Inc., filed two additional trademark applications - one for "Gerrit's Teaberry" and the other for "Gerrit's Teaberry" and design (See Exhibit A).

18. In connection with Plaintiff's original application, the Examiner issued a second office action, citing the '559 Registration in addition to the "functional" rejection as the basis for refusing registration.

19. Upon Plaintiffs' knowledge of Teaberry gum no longer being produced, it undertook the manufacture of such and began offering teaberry flavored chewing gum for sale on or about January 1, 2021.

20. On or about February 5, 2021, Plaintiff, Gerrit's Brands, Inc., as well as at least one of its customers, received a communication from a law firm indicating that the sale of Gerrit's Teaberry chewing gum would constitute an infringement of the aforementioned trademark registration (**Exhibit F**).

## COUNT I
## THE REGISTRATION WAS VOID IN THE FIRST INSTANCE AND SHOULD BE CANCELLED

21. Plaintiffs hereby reallege Paragraphs 1 through 20 as if fully set forth herein.

22. In accordance with 15 U.S.C. §1052 (e)(1), a trademark cannot be registered if it describes a feature/ingredient/characteristic of the goods. The mark "Teaberry" describes the flavor of registrant's chewing gum. "Teaberry" is another name for wintergreen, which describes Defendant's chewing gum (**Exhibit G**).

23. At the time of the original registration, Registrant's, predecessor in interest knew or should have known that teaberry was synonymous with wintergreen but failed to bring it to the attention of the examiner.

24. Registrant and its predecessors in interest have perpetuated the false '559 registration, knowing that the mark was functional, with renewals even though the application should have been refused ab initio.

25. Since 15 U.S.C. §1052 (e)(1) bars registration of a flavor, Defendant's registration is invalid and void.

26. Because the mark is functional, the registration is unenforceable and is in violation of 15 U.S.C. §1064(3) and should be cancelled.

## COUNT II
## REGISTRANT HAS ABANDONED THE MARK

27. Plaintiffs hereby reallege Paragraphs 1 through 26 as if fully set forth herein.

28. Upon information and belief, since at least 2013, Registrant and/or its predecessors in interest, have abandoned the mark in connection with chewing gum.

29. Upon information and belief, it has been widely known throughout the industry that Teaberry gum is not available and is no longer being manufactured.

30. A review of the Internet shows that at least as of 2020, Teaberry gum was not available and manufacture ceased (See Exhibit D).

31. Due to the long period of nonuse of the mark, the registration has become abandoned and is subject to cancellation pursuant to 15 U.S.C. §1064(3).

## COUNT III
## COMMON LAW UNFAIR COMPETITION

32. Plaintiffs hereby reallege Paragraphs 1 through 31 as if fully set forth herein.

33. By using its presumptively invalid registration, Defendant has undertaken willful and purposeful actions to impose economic hardship on the Plaintiffs, seeking to subdue them and force them to withdraw their rightful

marketing and sales of Gerrit's Teaberry chewing gum and to compel it to acquiesce to this.

34. This overt activity by Defendant is in violation of the Unfair Competition Laws of the State of Michigan.

35. Plaintiffs have been damaged in an amount as yet to be determined.

36. Plaintiffs have no adequate remedy at law and, unless Defendant is enjoined from continuing its unauthorized usage of "Teaberry" in connection with chewing gum, it will continue to cause Plaintiff to suffer substantial irreparable harm.

## COUNT IV
## TORTIOUS INTERFERENCE WITH A BUSINESS OPPORTUNITY UNDER MCL 445.903

37. Plaintiffs hereby reallege Paragraphs 1 through 36 as if fully set forth herein.

38. On or about February 8, 2021, Defendant, Sun Valley Raisins, Inc., through its counsel, communicated allegations of trademark infringement to, not only Plaintiffs, but also Plaintiffs' customers.

39. This communication accused Plaintiffs and their customers of trademark infringement and threatened litigation and an indication that damages would be sought, all the while knowing that the registration was invalid and/or abandoned.

40. In view of Defendant's stated attempt to monopolize the mark "Teaberry," if successful, such action precludes Plaintiffs' ability to enjoy the fruits of its efforts. Such action is in direct violation of the laws of the State of Michigan and, in particular, MCL §445.903(1)(a) and (c).

41. Plaintiffs have been damaged in an amount as yet to be determined.

42. Plaintiffs have no adequate remedy at law and, unless Defendant is enjoined from continuing its unauthorized usage of the mark "Teaberry" in connection with chewing gum, it will continue to cause Plaintiffs to suffer substantial irreparable harm.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs, GERRIT'S BRANDS, INC. and GERRIT J. VERBURG CO., request that this Honorable Court find and order the following:

A. That Defendant's Trademark Registration No. 0638559, being invalid and void ab initio as being in violation of 15 U.S.C. §1052 (e)(1), is hereby canceled.

B. That the named Registrant and any of its successors in interest have abandoned the mark through non-use;

C. That Defendant has tortiously interfered with Plaintiffs' business;

D. That Defendant's actions are willful and that all damages are trebled, and Plaintiffs are awarded their attorney fees and costs incurred in this matter;

  E. That Defendant is preliminarily and permanently enjoined from using the mark "Teaberry", alone;

  F. That this Honorable Court award such further remedies and relief deems just and proper.

Dated:  February 8, 2021

              /s/Arnold S. Weintraub
              Arnold S. Weintraub (P22127)
              The Weintraub Group, P.L.C.
              24901 Northwestern Hwy, Ste. 311
              Southfield, MI  48075
              (248) 809-2005

              *Attorneys for Plaintiffs*