UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERRIT'S BRAND, INC., *et al.*,

        Plaintiffs,

v.

SUN VALLEY RAISINS, INC., a
California Corporation, ICONIC IP
HOLDINGS, LLC, a New York limited
liability company,

        Defendants.

_____/

Case No.: 21-cv-10280

Honorable Gershwin A. Drain

**OPINION AND ORDER GRANTING DEFENDANT SUN VALLEY RAISINS, INC.'S MOTION TO DISMISS [#10], GRANTING DEFENDANT ICONIC IP HOLDINGS, LLC'S MOTION TO DISMISS [#11], DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND [#15] AND DISMISSING ACTION WITHOUT PREJUDICE**

I.    INTRODUCTION

On March 5, 2021, Plaintiffs Gerrit's Brands, Inc. and Gerrit J. Verburg Co.'s ("Gerrit's Brands") filed their First Amended Complaint against Defendants Sun Valley Raisins, Inc. and Iconic IP Holdings, LLC, former and current owners of the registered trademark "Teaberry" for chewing gum, U.S. Reg. No. 0638559 ("Teaberry mark" or "'559 mark"). Plaintiffs' First Amended Complaint alleges Defendants engaged in common law unfair competition and tortious interference with business expectancy. Plaintiffs seek a declaration that the Teaberry mark is

generic, *void ab initio* and unregistrable, as well as a declaration that the '559 mark has been abandoned from three consecutive years of non-use with no intent to resume.

Presently before the Court are the Defendants' Motions to Dismiss the First Amended Complaint, both filed on April 5, 2021. *See* ECF Nos. 10-11. Defendants argue the Court lacks personal jurisdiction over them, as well as assert Plaintiffs fail to state actionable claims. Also, before the Court is the Plaintiffs' Motion for Leave to Amend Under Federal Rule of Civil Procedure 15, filed on April 26, 2021. *See* ECF No. 15. Plaintiffs argue the latest iteration of their allegations will more clearly establish that jurisdiction and venue are proper in this Court.

These motions are fully briefed, and upon review of the parties' submissions, the Court concludes oral argument will not aid in the resolution of these matters. Accordingly, the Court will resolve the parties' present motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants the Defendants' Motion to Dismiss the First Amended Complaint and denies the Plaintiffs' Motion for Leave to Amend.

## II. FACTUAL BACKGROUND

Plaintiff Gerrit's Brands, Inc. is a Florida corporation and the owner of various trademarks and copyrights in connection with the sale of various

comestibles, including licorice, chocolates, mints, and chewing gum.  ECF No. 6, PageID.59.  Plaintiff Gerrit J. Verburg Co. is a Michigan corporation that sells and distributes comestibles under the brands owned by Gerrit's Brands, Inc.  *Id*.

Beginning in about 2020, Plaintiffs became aware that Teaberry gum had not been offered for sale by Defendants' predecessor in interest, First Source, LLC, since 2013.  As a result, Plaintiffs filed an application to register the mark "Teaberry" for chewing gum.  The USPTO Examiner refused registration initially because the "[t]he applied for mark TEABERRY merely describes the flavor of applicant's chewing gum.  Teaberry is another name for Wintergreen and is used as a flavoring ingredient in a variety of products including chewing gum." *Id*., PageID.306.   Plaintiff alleges that the Examiner issued a second refusal based upon a likelihood of confusion with the '559 mark.

Thereafter, Gerrit's Brands, Inc. filed two additional trademark applications, "Gerrit's Teaberry" and "Gerrit's Teaberry" and design.  Additionally, Plaintiffs began to manufacture and offer for sale a teaberry flavored gum under the mark Gerrit's Teaberry and design on or about January 1, 2021.  On February 5, 2021, counsel for Defendant Sun Valley Raisins, a California corporation, sent a cease and desist letter to Plaintiffs, as well as sent a letter to at least one of Plaintiffs' customers.  The cease and desist letter asserted Sun Valley Raisins and an unnamed interested party, later discovered to be Defendant Iconic IP Holdings,

LLC, a New York Company, were owners of the TEABERRY® trademark, which had been in continuous use since 1911. The cease and desist letter threatened that any sale of a teaberry gum by Plaintiffs or their customers could subject them to liability for trademark infringement.

Plaintiffs filed the instant action on February 8, 2021 and filed their First Amended Complaint on March 5, 2021.

### III. LAW & ANALYSIS

#### A. Defendants' Motions to Dismiss

##### 1. Personal Jurisdiction – Standard of Review

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). In the face of a motion to dismiss pursuant to Rule 12(b)(2), the plaintiffs "may not stand on [their] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *GM L.L.C. v. Autel.US Inc.*, No. 14-14864, 2016 U.S. Dist. LEXIS 40902, at *7 (E.D. Mich. Mar. 29, 2016) (internal citation and quotation marks omitted); *see also Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

If the court decides the motion on the affidavits, "Plaintiff[s] must make only a *prima facie* showing of personal jurisdiction in order to defeat dismissal." *Id*. Plaintiffs can meet their burden by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. Jul. 21, 2014). A district court must construe the presented facts in the light most favorable to the non-moving party and "may not consider conflicting facts offered by [the moving party]." *GM L.L.C.*, 2016 U.S. Dist. LEXIS 40902, at *7–8 (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)).

2. Analysis

Both Defendants move for dismissal of the First Amended Complaint arguing the Court lacks personal jurisdiction over them. Defendant Iconic IP Holdings LLC argues it has only owned the TEABERRY mark for less than two months, has not advertised, sold or otherwise distributed any product under the TEABERRY mark in Michigan, and has no other contacts with Michigan that bring it within the jurisdiction of this Court. Similarly, Defendant Sun Raisins, Inc. owned the TEABERRY mark for a brief period – September of 2020 through February of 2021 – and did not advertise, sell, or distribute any product under the TEABERRY mark or anywhere else.

5

In this case, Plaintiffs do not argue that "general or all-purpose jurisdiction" exists such that Defendants "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 919 (2011). Rather, Plaintiffs maintain Defendants are subject to specific jurisdiction which typically requires a district court to engage in a two-step inquiry analyzing whether the forum's long-arm statute and the Due Process Clause permit the exercise of personal jurisdiction. *See Bird v. Parsons*, 289 F.3d 865, 871(6th Cir. 2002). However, Michigan's long-arm "statute confers on the state courts the maximum scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment," *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236 (6th Cir.), cert. denied, 454 U.S. 893 (1981), thus, "the two [jurisdictional] inquiries merge and the Court need only determine whether the assertion of personal jurisdiction . . . violates constitutional due process." *Aristech Chem. Int'l v. Acrylic Fabricators*, 138 F.3d 624, 627 (6th Cir. 1988) (internal quotation marks and citation omitted).

Therefore, resolution of Defendants present motions turns on whether exercise of personal jurisdiction comports with their federal due process rights. *Lifestyle Lift Holdings, Inc. v. Prendiville*, 768 F. Supp.2d 929 (E.D. Mich. 2011) (citing *Chandler v. Barclays Bank PLC*, 898 F.2d 1148, 1150 (6th Cir. 1990);

*Bridgeport Music, Inc. v. Still N the Water Pub*, 327 F.3d 472, 477 (6th Cir. 2003)). Due process requires the following in order for a court to exercise limited personal jurisdiction over a nonresident defendant: (1) the defendants must purposefully avail themselves of the privilege of acting in the forum state or causing a consequence to occur there; (2) the cause of action must arise from the defendants' activities there; and (3) the defendants' acts or the consequences caused by the defendants must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. *See So. Machine Co.*, 401 F.2d at 381. In order to comply with due process, "out-of-state defendants" must "have 'minimum contacts' with the forum state sufficient to comport with 'traditional notions of fair play and substantial justice.'" *Blessing v. Chandrasekhar*,__ F.3d __, 2021 U.S. App. LEXIS 5222, *29 (6th Cir. Feb. 23, 2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Plaintiffs argue Iconic and Sun Valley each transact business in Michigan, as well as purposefully availed themselves of acting and causing consequences in Michigan by sending at least nineteen demand letters in February of 2021 to Plaintiffs' and their customers, both within and outside of Michigan. Plaintiffs asserts the second prong is met because Defendants' letters have caused injury within the forum as Plaintiffs have lost business as a result of the letters. Finally, Plaintiff maintains there is no evidence that either Defendant will be unduly

7

burdened from litigating in Michigan, and Plaintiffs have a strong interest in obtaining relief where the harm occurred.

As an initial matter, Plaintiffs' allegations concerning Defendants' sales of unrelated products in the state will not support specific personal jurisdiction over the Defendants. It is well settled that sales of unrelated products will not satisfy Plaintiffs' burden. *ABG Prime Grp., Inc. v. Mixed Chicks*, No. 17-13257, 2018 U.S. Dist. LEXIS 122978, at *7 (E.D. Mich. May 16, 2018) (quoting *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773, 1781 (2017)). Here, Plaintiffs do not allege either Defendant sells Teaberry gum products in this forum. But "even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Goodyear*, 564 U.S. at 930 n.6.

Moreover, cease and desist letters, standing alone, do not give rise to personal jurisdiction. *See Precision Extraction Corp. v. Udoxi Sci., LLC*, No. 16-cv-11972, 2016 U.S. Dist. LEXIS 169981, *1 (E.D. Mich. Dec. 8, 2016). In *Precision Extraction*, the court declined to exercise personal jurisdiction on the sole basis of a cease and desist letter sent to a Michigan resident, even though the letter falsely sought to enforce patent rights the defendant did not possess. *Id*. at *8. "A cease and desist letter alone informing a party in the forum state of infringement is not enough to create personal jurisdiction under the fairness

prong." *Id*. There must be "other activities . . . related to the cause of action, with the focus being on the relationship among the defendant, the forum, and the litigation." *Id*. (citation and internal quotation marks omitted).

*Precision Extraction* relied on the Federal Circuit's decision in *Red Wing Shoe, Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360-61 (Fed. Cir. 1998). In *Red Wing Shoe*, the Federal Circuit concluded "principles of fair play and substantial justice" preclude exercising personal jurisdiction over a non-resident patentee based solely on the patentee sending letters to another forum claiming infringement and threatening litigation. *Id.*

Since *Red Shoe*, the Federal Circuit has clarified that "sufficient additional contact . . . beyond merely informing others of its patent rights and its intention to enforce those rights through litigation" is required to comport with the Due Process Clause. *Campbell Pet Co. v. Miale*, 542 F.3d 879 (Fed. Cir. 2008) (finding attendance at a trade show in the forum and attempting to have infringing product removed from the trade show and informing customers of infringing product were sufficient "additional contacts" to exercise personal jurisdiction); *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1366-67 (Fed. Cir. 2006) (entry into exclusive license agreement with an entity in the forum state is sufficient additional factor to justify personal jurisdiction). Other courts have applied the reasoning in *Red Shoe* and its progeny in the trademark context. *Power*

9

*Sys. v. Hygienic Corp.*, No. 13-cv-382, 2014 U.S. Dist. LEXIS 85616, *21-22 (E.D. Tenn. Jun. 24, 2014) (collecting cases).

Here, Plaintiffs do not allege any other contacts or activities by Sun Valley Raisins or Iconic IP Holdings other than the cease and desist letters sent to Plaintiffs and their customers. Yet, "merely informing others of [their] patent rights and [] intention to enforce those rights through litigation," does not subject Defendants to personal jurisdiction in this forum. *Campbell Pet Co.*, 542 F.3d at 885-86. All but one of the cases relied on by Plaintiffs involve a defendant engaging in myriad "other activities" directed at the forum, and not merely sending cease and desist letters as in this case. *See Onderik v. Morgan*, 897 F.2d 204 (6th Cir. 1989) (in wrongful discharge again, the court properly exercised personal jurisdiction over the defendant who did a substantial amount of business in Michigan and defendant's "in-person, Michigan-based discussions" that led to the Plaintiff's discharge rendered exercise of personal jurisdiction reasonable); *see also American Greetings Corp. v. Cohn*, 839 F.2d 1164, (6th Cir. 1988). Similarly, in *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 257 F. Supp. 3d 853 (E.D. Mich. 2017), the defendant had engaged in the "additional contacts" of traveling to Michigan on two occasions, engaged in weekly calls and emails to Michigan and engaged Michigan-based executives in financing and sales

negotiations, among other things. *Id*. at 901. None of these additional contacts are present here.

The Court notes that *Moellers N. Am. V. MSK Covertech*, 870 F.Supp. 187 (W.D. Mich. 1994) appears to support Plaintiffs' position that when a defendant sends a letter to a potential or current customer threatening infringement liability, the exercise of personal jurisdiction over the defendant is reasonable. However, the Court declines to follow *Moellers N. Am.*, which is not controlling on this Court and was decided before *Red Wing Shoe, supra* and its progeny.

For all of the reasons, the First Amended Complaint will be dismissed pursuant to Rule 12(b)(2). Because the Court concludes it lacks personal jurisdiction over Defendants, it declines to opine on Defendants' alternate arguments in support of dismissal based on Rule 12(b)(6).

### B. Plaintiffs' Motion for Leave to Amend

#### 1. Standard of Review

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. It states in relevant part:

**(a)** **Amendments Before Trial**.
 (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
 (A) 21 days after serving it,
 (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Rule 15(a) is intended to "enable a party to assert matters that were overlooked or were unknown at the time the original complaint or answer was interposed." *Iron Workers Local No. 25 Pension Fund v. Klassic Services, Inc.*, 913 F. Supp. 541, 543 (E.D. Mich. 1996). Leave to amend should only be denied where "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 519 (6th Cir. 2001).

**2. Analysis**

Plaintiffs move for leave to file their SAC. Plaintiffs argue their proposed pleading provides further allegations concerning Defendants' tortious conduct directed to Michigan. Specifically, in the proposed SAC, Plaintiffs allege that on February 3, 2021, Defendants, through counsel, sent demand letters to nineteen customers and distributors of Plaintiffs. ECF No. 15, PageID.264. Plaintiffs further assert that at least two of these companies are Michigan-based and have informed Plaintiffs that they will not order Gerritt's Teaberry gum until the parties' legal dispute is resolved. *Id*. Plaintiffs further aver that fourteen of the customers have agreed to purchase Gerritt's Teaberry gum only in exchange for Plaintiffs

entering into a hold harmless agreement with the company, which Plaintiffs have provided. *Id*. at PageID.265.

In this case, it appears that Plaintiffs' proposed SAC is futile because the allegations still fail to meet the minimum due process requirements necessary to subject the non-resident Defendants to personal jurisdiction. Here, the only Michigan contacts attributed to Defendants relating to the Teaberry mark are the cease and desist letters sent to Plaintiffs and their customers. "Principles of fair play and substantial justice afford a[n intellectual property owner] sufficient latitude to inform others of its [] rights without subjecting itself to jurisdiction in a foreign forum." *Precision Extraction*, 2016 U.S. Dist. LEXIS 169981, at *7-8. The Federal Circuit has explained that it is contrary to principles of fairness for a defendant to "subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement." *Red Wing Shoe*, 148 F.3d at 1360-61.

Plaintiffs fail to acknowledge *Red Wing Shoe* and its progeny's application to the circumstances here. The majority of the case law provided by Plaintiffs to support personal jurisdiction involve defendants engaging in "additional contacts" that are not present here. *See Onderik v. Morgan*, 897 F.2d 204 (6th Cir. 1989); *American Greetings Corp. v. Cohn*, 839 F.2d 1164, (6th Cir. 1988); *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 257 F. Supp. 3d 853 (E.D. Mich.

13

2017). Plaintiffs provide a single case where sending cease and desist letters to plaintiffs' customers in the forum was sufficient to exercise personal jurisdiction over a non-resident defendant, however that case was decided two years prior to *Red Shoe,* and thus Plaintiffs' reliance on this authority is misplaced. *See Moellers*, 870 F.Supp. at 190.

Because amendment will not correct the pleading deficiencies with respect to personal jurisdiction, amendment is futile. Therefore, the Court will deny Plaintiffs' Motion for Leave to Amend.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant Sun Valley Raisins, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint [#10] is GRANTED.

Defendant Iconic IP Holdings, LLC's Motion to Dismiss Plaintiff's First Amended Complaint [#11] is GRANTED.

Plaintiffs' Motion for Leave to Amend Under Federal Rule of Civil Procedure 15 [#15] is DENIED.

This action is dismissed without prejudice.

SO ORDERED.

Dated: February 22, 2022

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
February 22, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager